UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN T. BLACK,<br><br>              Plaintiff,<br><br>   v.<br><br>JOSEPH LEHMAN, *et al.,*<br><br>              Defendants. | Case No.  C04-5856RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 25, 2005 |

       This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court because plaintiff has failed to respond to defendant's motion for summary judgment, (Doc.17).  For the reasons set forth below, I recommend that the Court grant defendant's motion for summary and dismiss plaintiff's causes of action.

DISCUSSION

       Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Mere disagreement or the bald assertion that

a genuine issue of material fact exists no longer precludes the use of summary judgment. <u>California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988).  Local Rule CR 7(b)(2) requires each party opposing summary judgment to file a response, stating:

> If a party fails to file the papers in opposition to a motion, such failure may be considered by the court <u>as an admission that the motion has merit</u>.

(Emphasis added).

Here, defendants filed their motion for summary judgment on or about July 13, 2005, and the motion was properly noted for consideration on the court's August 5, 2005, motion calendar.  Plaintiff has failed to respond the motion for summary judgment.  The court notes that in its Order Directing Service, issued on December 29, 2004, plaintiff was directed to file a response to such a motion and advised pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998).  In addition, defendants served their motion with a similar warning.

In his complaint, plaintiff names Joseph Lehman, Doug Waddington, and Charles Rohrer as defendants, and he alleges that while in custody at the Stafford Creek Corrections Center defendants violated his constitutional rights when his request to move to a different cell away from his current cell mate was denied, and a few weeks later a physical confrontation between plaintiff and his cell mate took place.  Plaintiff further alleges (i) defendants failed to process his appeal of an infraction, which resulted in a loss of thirty (30) days of good time credit when he was found guilty of possession of another prisoner's property; and (ii) the law library at the prison is inadequate.

Defendants argue in their motion for summary judgment that (1) defendants Lehman and Waddington should be dismissed from this case because neither of these individuals personally participated in the actions the plaintiff alleges violated his constitutional rights, (2) plaintiff has failed to state a constitutional claim, and (3) defendants are entitled to qualified immunity.  In support of their motion, defendants attached adequate legal authority and several exhibits supporting their arguments and claim for summary judgment..  Without rebuttal or an opposition from plaintiff, the Court should find defendants' arguments persuasive.

A. PERSONAL PARTICIPATION

Plaintiff must allege facts showing how individually named defendants caused or personally

REPORT AND RECOMMENDATION
Page - 2

participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Joseph Lehman is the former Secretary of the Department of Corrections and Doug Waddington is the Superintendent of Stafford Creek Corrections Center (SCCC). Plaintiff's allegations against both of these defendants is based on their respective role as the person in charge of the Department of Corrections and the prison facility. Plaintiff does not allege any facts showing how either of these defendants personally participated in the alleged violations of his constitutional or civil rights protected by federal law. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

B. *PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO ESTABLISH THAT HIS CONSTITUTIONAL RIGHTS WERE VIOLATED*

To establish a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). That a plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgement of constitutional protections. Davidson v. Cannon, 474 U.S. 344 (1986).

(i) *Plaintiff's Constitutional Rights Were Not Violated by the Prison Grievance System*

Plaintiff alleges that the prison grievance program is not in substantial compliance with the "minimum standards under 42 U.S.C. § 1997e." See Complaint at 3. Plaintiff apparently refers to the former 42 U.S.C. § 1997e(b), which was stricken by the Prison Litigation Reform Act (PLRA) of 1995.

REPORT AND RECOMMENDATION
Page - 3

Booth v. Churner, 532 U.S. 731, 739 (2001). Plaintiff further alleges that the policy of allowing an offender to have no more than five active grievances at one time violates his constitutional rights because, if more than five of his constitutional rights are being violated at one time, he has no remedy with which to seek relief. Plaintiff does not assert that he has actually had more than five of his constitutional rights violated at one time. Moreover, Plaintiff does not explain which of his constitutional rights may have been violated by this policy. Plaintiff does not allege that any of his grievances were emergency grievances, and he does not explain how his constitutional rights were violated by this policy.

Plaintiff alleges that he has not received the requisite number of copies of his grievance after filing, and he alleges that the grievance coordinators refuse to process grievances on other grievance coordinators. See Attachment to Complaint, Grievance Program OGP-75. The DOC grievance policy prohibits offenders from filing grievances about any process that has a formalized appeal or review procedure built into it. Any grievance filed by Plaintiff regarding the grievance process itself would have been properly returned to Plaintiff as non-grievable. Again, plaintiff has not explained how this policy has violated his constitutional or federally protected rights.

(ii) *Plaintiff's Constitutional Rights Were Not Violated by the Interaction of Medium and Minimum Classification Offenders*

Plaintiff alleges that his constitutional rights were violated because medium and minimum custody offenders are allowed to interact with each other. Plaintiff alleges that this creates a "security risk." See Attachment to Complaint, Classification of Inmates. Plaintiff provides no support for that allegation. A prison inmate has no constitutional right to a particular classification or custody level. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987), *citing* Moody v. Daggett, 429 U.S. 78 (1976); *see also* Sandin v. Connor, 515 U.S. 472 (1995) (even confinement in segregation does not trigger constitutional protection).

(iii) *Plaintiff's Constitutional Rights Were Not Violated by the Adequacy of the Law Library*

Plaintiff alleges his constitutional rights were violated because the law library is ill equipped. As support for that allegation, Plaintiff alleges that the law librarian will not try to update the law library, that she does not have a degree in law, and that she verbally abuses the inmates. See Attachment to Complaint. Mrs. Phipps, the law librarian at the prison is not a defendant in this lawsuit. Plaintiff's constitutional right

to access the courts does not include the right to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 350 (1996). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Id. at 351, (*quoting* Bounds v. Smith, 430 U.S. 817, 825 (1977)). Plaintiff does not allege that he has no legal access, merely that his access is limited. For example, Plaintiff complains that there is room for forty inmates in the law library and they have to share one Black's Law Dictionary and one set of RCWs. Exhibit 1, Attachment A, at 18 ll. 18-23. Plaintiff complains that he has to wait to obtain access to research materials because inmates whose cases are imminent have priority. Because Plaintiff has no constitutional right to a law library, and because Plaintiff has been unable to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," his claims must be dismissed.

   *(iv)  Defendant Rohrer Did Not Violate Plaintiff's Constitutional Rights When He Denied Plaintiff's Request for a Cell Change*

   Plaintiff alleges that his constitutional rights were violated when Sergeant Rohrer refused to grant Plaintiff's request that he be given a different cell mate. Plaintiff's constitutional rights were not violated because Plaintiff did not inform Sergeant Rohrer that he felt his safety was at risk, and because Plaintiff did not choose to go into protective custody when he was given the opportunity to do so. "'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994) (*quoting* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer, 511 U.S. at 834; Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. Farmer, 511 U.S. at 838-40; Wallis, 70 F.3d at 1077.

   The Eighth Amendment standard requires proof of both the objective and subjective component. Hudson v. McMillian, 503 U.S. 1 (1992). First, the deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." Farmer, 511 U.S. at 834 (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 [1981]). In proving the objective component, an

REPORT AND RECOMMENDATION
Page - 5

1  inmate must establish that there was both some degree of actual or potential injury, and that society
2  considers the [acts] that the plaintiff complains of to be so grave that it violates contemporary standards of
3  decency to expose anyone unwillingly [to those acts]. Helling v. McKinney, 509 U.S. 25, 36 (1993); *see*
4  *also* Estelle v. Gamble, 429 U.S. 97, 102 (1976). Second is the subjective component that the prison
5  official possesses a sufficiently culpable state of mind: "deliberate indifference to inmate health and safety."
6  Farmer, 511 U.S. at 834-36. With regard to deliberate indifference, a prison official is not liable "unless the
7  official knows of and disregards an excessive risk to inmate health or safety; the official must both be
8  aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and
9  he must also draw the inference." Id. at 837. The subjective component requires proof that the official was:
10 (1) aware of the facts that would lead a reasonable person to infer the substantial risk of serious harm; (2)
11 actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3)
12 knowingly disregarded the risk. Id.   In order to state a claim for failure to protect, Plaintiff must meet both
13 the objective component and the subjective component of an Eighth Amendment claim. Hudson, 503 U.S.
14 at 8.

15      In this case, Plaintiff can meet neither the objective nor the subjective component of a failure to
16 protect claim.  Plaintiff fails to show that Sergeant Rohrer either knew of or disregarded an excessive risk
17 to Plaintiff's health or safety.  It is not disputed that Plaintiff asked Sergeant Rohrer on more than one
18 occasion to be moved from his cell. However, Plaintiff did not inform Sergeant Rohrer that he wanted to
19 be moved because he feared for his safety. On the contrary, Plaintiff states that he did not fear for his safety
20 and he did not feel threatened by Mr. Byrd.  Plaintiff believed that Mr. Byrd was in danger from Plaintiff,
21 not that Plaintiff was in danger from Mr. Byrd. Plaintiff has failed to show that Sergeant Rohrer either
22 knew of or disregarded an excessive risk to Plaintiff's health or safety, and therefore Plaintiff's
23 failure-to-protect claim must be dismissed.

## CONCLUSION

25     Because plaintiff has not responded to defendant's motion for summary judgment and defendants
26 have offered sufficient evidence to support their arguments and motion for summary judgment, the Court
27 should GRANT defendants motion. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of
28 Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See*

REPORT AND RECOMMENDATION
Page - 6

*also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25, 2005**, as noted in the caption.

DATED this 1st day of November, 2005.

                               */s/ J. Kelley Arnold*
                               J. Kelley Arnold
                               United States Magistrate Judge